UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAM BIBBEE,

        Plaintiff,

v.                                                                  Case No. _____

OX BODIES, INC.,

        Defendant.

## NOTICE OF REMOVAL

AND NOW comes Defendant Ox Bodies, Inc. (hereafter, "Ox Bodies"), by and through its undersigned counsel, and submits this Notice of Removal. Pursuant to 28 U.S.C. §§ 1332 and 1441, Ox Bodies hereby removes the above-styled action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

**I.**    **BACKGROUND**

1. On or about November 21, 2018, Sam Bibbee ("Plaintiff") commenced this action with the filing of a Complaint in Civil Action in the Court of Common Pleas of Allegheny County, Pennsylvania, docketed at No. GD 18-015405 (hereafter, the "Underlying Action").

2. In the Underlying Action, Plaintiff alleges that he suffered injuries on August 20, 2018, while attempting to climb a ladder welded to a dump truck body allegedly manufactured by Ox Bodies (*See* Ex. A, Compl. ¶ 6.)

3. Based on Ox Bodies' alleged role in the design and manufacture of the dump truck body at issue, Plaintiff purports to pursue claims for strict liability, negligence, and breach of warranty. (*See generally, id.*)

1

4. As will be explained, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, Ox Bodies hereby removes this action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441, *et seq*.

## II.     JURISDICTIONAL BASIS FOR REMOVAL

### A.     There Exists Complete Diversity of Citizenship

5. According to the Complaint, Plaintiff is a citizen of Pennsylvania. (Compl. ¶ 1.)

6. Ox Bodies is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in Fayette, Alabama. (*Id.* ¶ 2.)

7. Complete diversity of citizenship therefore exists between the parties to this action, as the Plaintiff is a citizen of Pennsylvania and Ox Bodies is a citizen of Alabama.

### B.     The Matter in Controversy Exceeds $75,000 Exclusive of Interests and Costs

8. Plaintiff alleges that he sustained a myriad of "severe and permanent" physical and economic injuries as a result of the incident of August 20, 2018, including "left shoulder sprain and strain, cervical sprain and strain, multiple disc herniation, intracranial hemorrhage, concussion and postconcussion syndrome, ongoing and potentially permanent visual impairment, ongoing paresthesia of the left hand, as well as aches, pains, and shock to his entire nervous system." (*Id.* ¶ 15.) This has allegedly resulted in "the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe." (*Id.* ¶ 18.)

9. Plaintiff claims damages for his physical injuries, as well as (i) medical costs, (ii) past, present, and future loss of earnings, (iii) past, present, and future loss of earning power, (iv) past, present, and future loss of the enjoyment of his usual duties, avocations, life's pleasures and

activities, (v) the shortening of his life expectancy, and (vi) past, present, and future "great and unremitting physical pain, suffering and mental anguish." (*Id.* ¶¶ 16, 17, 19, 20.)

10. While Ox Bodies denies any and all liability in this action and further denies that Plaintiff has sustained any recoverable damages, the allegations set forth in the Complaint and the claimed damages make clear that the matter in controversy exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 544 (2014) (holding that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

11. Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**III.  PROCEDURAL ELEMENTS FOR REMOVAL**

12. Ox Bodies was served with the Complaint on December 6, 2018. (Ex. B, Pl.'s Aff. of Service by Mail of Complaint.) Removal is therefore timely because this Notice is being filed within 30 days of service of process. 28 U.S.C. § 1446(b)(1).

13. This action is properly removed to the United States District Court for the Western District of Pennsylvania, because it was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania, which lies geographically within this judicial district. *See* 28 U.S.C. §§ 118(c), 1441(a).

14. Further, in accordance with 28 U.S.C. § 1446(a), Ox Bodies states that other than Plaintiff's Complaint and Plaintiff's Affidavit of Service, which are attached hereto as Exhibits A and B, respectively, there have been no pleadings, process, or other papers filed or served in the Underlying Action. (*See also* Ex. C, Docket Sheet for Underlying Action.) Accordingly, Ox

Bodies has complied with 28 U.S.C. § 1446(a) by providing copies of all pleadings, process, and orders from the Underlying Action with this Notice of Removal.

15. A copy of this Notice of Removal will be filed with the Court of Common Pleas of Allegheny County and served upon Plaintiff as required under 28 U.S.C. § 1446(d).

16. Ox Bodies therefore submits that all procedural elements for removal have been satisfied.

**IV.  RESERVATIONS**

17. If any question arises as to the propriety of the removal of this action, Ox Bodies respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ox Bodies' right to assert any defense or affirmative matter including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or (h) any other procedural or substantive defense available under state or federal law.

**V.  JURY DEMAND**

Ox Bodies, Inc. demands a trial by jury on all issues so triable.

## VI. CONCLUSION

WHEREFORE, Defendant Ox Bodies, Inc. hereby removes this action to the United States District Court for the Western District of Pennsylvania.

Dated: January 4, 2019

Respectfully submitted,

PIETRAGALLO GORDON ALFANO BOSICK
& RASPANTI, LLP

By: *s/ Clem C. Trischler*
Clem C. Trischler (PA52957)
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
412-263-1816 Telephone
412-263-4246 Facsimile
cct@pietragallo.com
*Counsel for Defendant Ox Bodies, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2019, I electronically filed the foregoing document with the Clerk of Court for United States District Court for the Western District of Pennsylvania and served the same on the following counsel of record via First Class U.S. Mail, postage prepaid.

Anthony J. Giannetti
Brandon Swartz
SWARTZ CULLETON PC
Three Gateway Center
401 Liberty Avenue, Suite 2325
Pittsburgh, PA  15222
agiannetti@swartzculleton.com
bswartz@swartzculleton.com
*Counsel for Plaintiff*

       *s/ Clem C. Trischler*
       Clem C. Trischler