# EXHIBIT A

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
Telephone: (412) 261-5555
F: (215) 550-6557

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| SAM BIBBEE | : | CIVIL DIVISION |
| _Plaintiff_ | : | |
| | : | GD No. 18-15405 |
| v. | : | |
| | : | **COMPLAINT** |
| OX BODIES, INC. | : | |
| | : | |
| _Defendant._ | : | Filed on behalf of Plaintiff, |
| | : | SAM BIBBEE |
| | : | |
| | : | |
| **JURY TRIAL DEMANDED** | : | Counsel of Record for this party: |
| | : | |
| | : | BRANDON A. SWARTZ, ESQUIRE |
| | : | Pa. Id. No. 78344 |
| | : | bswartz@swartzculleton.com |
| | : | |
| | : | ANTHONY J. GIANNETTI, ESQUIRE |
| | : | Pa. Id. No. 318225 |
| | : | agiannetti@swartzculleton.com |
| | : | |
| | : | **SWARTZ CULLETON PC** |
| | : | Three Gateway Center |
| | : | 401 Liberty Avenue, Suite 2325 |
| | : | Pittsburgh, PA 15222 |
| | : | 412-238-7610 |
| | : | Fax: 412-200-7595 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| SAM BIBBEE | : | CIVIL DIVISION |
|         *Plaintiff* | : | |
| | : | GD No. 18-15405 |
|     v. | : | |
| | : | |
| OX BODIES, INC. | : | |
| | : | |
|         *Defendant.* | : | |
| | : | |
| | : | |
| | : | |

**JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

1.      Plaintiff Sam Bibbee is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein in Prosperity, PA 15329.

2.      Defendant, Ox Bodies, Inc., is a corporation engaged in the design, manufacture, and sale of dump truck bodies, with a principal place of business located in Fayette, Alabama. Ox Bodies, Inc. regularly and continuously conducts business in Allegheny County, and venue is therefore proper in Allegheny County.

3.      At all times material hereto, Defendant acted by and through its employees, agents, servants, and/or workmen, who were, in turn, acting within the course and scope of their employment, agency, and/or service for same.

4.      Defendant designed, marketed, sold, supplied and/or distributed the dump truck body (serial no. s161312184697AL, model no. 18ft227d) and component parts that are the subject of this lawsuit.

5.    At all times relevant hereto, Plaintiff Sam Bibbee was acting within the course and scope of his employment with Patalsky Homes, Inc., located at 1209 Route 286, Export, PA 15632.

6.    On or about August 20, 2018, Plaintiff Sam Bibbee was attempting to climb a ladder welded to the aforesaid dump truck body, when suddenly and without warning—and as a result of the defective condition of the dump truck body and ladder—the right hand rail of the ladder failed, causing the Plaintiff to fall six feet to the ground and to suffer severe and permanent bodily injuries described below.

**COUNT I**
**SAM BIBBEE v. OX BODIES, INC.**
**<u>STRICT LIABILITY</u>**

7.    Plaintiff hereby incorporates paragraphs one (1) through six (6) of the within Complaint as though the same were fully set forth at length herein.

8.    Defendant Ox Bodies, Inc. placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

9.    The accident described herein was caused solely and exclusively by Defendant's defective design and/or manufacture of the aforesaid dump truck body and its component parts, including, but not limited to:

   a.   Distributing/selling the subject dump truck body with a defective hand rail prone to failure;

b.  Failing to design and/or manufacture the subject dump truck body and its component parts to include a ladder that could properly support end users, such as the Plaintiff;

c.  Failing to design and/or manufacture the subject dump truck body with appropriate welds to ensure that the subject ladder was not prone to failure;

d.  Failing to include in the plans, designs, and specifications for the subject dump truck body industry-recognized safety specifications, including welding specifications;

e.  Failing to exercise the requisite degree of care and caution in design distribution, manufacture, packaging, labeling, assembling, design, supply and sale of the aforesaid dump truck body and its component parts;

f.  Failing to ensure that the subject dump truck body and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g.  Failing to warn of the dangers of the aforesaid dump truck body;

h.  Failing to provide proper safety and operational instructions to end users.

10.  The accident described herein was due in no manner to negligence on the part of the Plaintiff.

11.  At all times relevant hereto, Defendant's aforesaid dump truck body and its component parts were defective and unsafe for consumer use.

12.  At all times relevant hereto, there were latent defects in the Defendant's aforesaid dump truck body and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

13.     The Defendant distributed and sold the aforesaid dump truck body and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

14.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

15.     As a result of the aforesaid strict liability of Defendant, Plaintiff Sam Bibbee has suffered severe and permanent injuries, including, but not limited to, left shoulder sprain and strain, cervical sprain and strain, multiple disc herniation, intracranial hemorrhage, concussion and post-concussion syndrome, ongoing and potentially permanent visual impairment, ongoing paresthesia of the left hand, as well as aches, pains, and shock to his entire nervous system . Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

16.     As a further result of the aforesaid accident, Plaintiff may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

17.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

18.     As a further result of the aforesaid strict liability of Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

19.    As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

20.    As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Sam Bibbee, demands judgment in his favor and against Defendant, Ox Bodies, Inc., in an amount in excess of $35,000, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT II
### SAM BIBBEE v. OX BODIES, INC.
### NEGLIGENCE

21.    Plaintiff hereby incorporates paragraphs one (1) through twenty (20) of the within Complaint as though the same were fully set forth at length herein.

22.    At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid dump truck body, and to sell/distribute that product in a reasonably safe condition.

23.    The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured dump truck body, in general, and in the following particulars:

      a.  Distributing/selling the subject dump truck body with a defective hand rail prone to failure;

      b.  Failing to design and/or manufacture the subject dump truck body and its component parts to include a ladder that could properly support end users, such as the Plaintiff;

c. Failing to design and/or manufacture the subject dump truck body with appropriate welds to ensure that the subject ladder was not prone to failure;

d. Failing to include in the plans, designs, and specifications for the subject dump truck body industry-recognized safety specifications, including welding specifications;

e. Failing to exercise the requisite degree of care and caution in design distribution, manufacture, packaging, labeling, assembling, design, supply and sale of the aforesaid dump truck body and its component parts;

f. Failing to ensure that the subject dump truck body and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g. Failing to warn of the dangers of the aforesaid dump truck body;

h. Failing to provide proper safety and operational instructions to end users.

i. Such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

24. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

25. As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs fifteen (15) through twenty (20) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Sam Bibbee, demands judgment in his favor and against Defendant, Ox Bodies, Inc., in an amount in excess of $35,000, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT III
### SAM BIBBEE v. OX BODIES, INC.
### BREACH OF WARRANTY

26.     Plaintiff hereby incorporates paragraphs one (1) through twenty-five (25) of the within Complaint as though the same were fully set forth at length herein.

27.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the Dump truck body was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

28.     As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs fifteen (15) through twenty (20) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Sam Bibbee, demands judgment in his favor and against Defendant, Ox Bodies, Inc., in an amount in excess of $35,000, as well as any such other relief as the Court deems adequate, just and proper.

Respectfully,

**SWARTZ CULLETON PC**

By:     /s/ Anthony J. Giannetti
        Brandon Swartz, Esquire
        Anthony J. Giannetti, Esquire
        *Attorneys for Plaintiff*

Date: November 21, 2018

VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and
verify that the statements made in the foregoing Civil Action Complaint are true and
correct to the best of my knowledge, information and belief.   The undersigned
understands that the statements herein are made subject to the penalties of 18 Pa. C.S.
4904 relating to unsworn falsification to authorities.